IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY JEROME WALLER, #48189-177, Petitioner, | § § § § | |
| v. | § § | CIVIL NO. 3:15-CV-3816-M-BK (CRIMINAL NO. 3:14-CR-010-M-01) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to possessing a firearm after being convicted of a felony and possessing a controlled substance with intent to distribute, and was sentenced under the Armed Career Criminal Act (ACCA) to 188 months' imprisonment and a three-year term of supervised release. *United States v. Waller*, No. 3:14-CR-010-M-01 (N.D. Tex. Dec. 11, 2014). He did not appeal. In the sole ground alleged in this timely section 2255 motion, Petitioner asserts ineffective assistance of counsel at his guilty plea arraignment and sentencing. Doc. 4 at 7. He claims counsel failed to advise him about the advantages and disadvantages of pleading guilty. Doc. 8 at 7. He also maintains that he does not qualify as an Armed Career Criminal and that counsel failed to object to his prior convictions at sentencing. Doc. 8 at 8-9.

## II. ANALYSIS

This section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231‑32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To prove prejudice, "[t]he defendant must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

*Ineffective Assistance of Counsel at Guilty Plea Stage*

Petitioner contends that counsel rendered ineffective assistance during the guilty plea proceedings when he failed to advise him about the advantages and disadvantages of pleading guilty.  Doc. 8 at 7.  Specifically, he asserts counsel "knew or should have known about the governments [sic] intent to sentence him as an Armed Career Criminal and that he would be subjected to the possibility of 15 year mandatory minimum and/or life imprisonment." Doc. 8 at 7.  The ACCA imposes a mandatory minimum fifteen-year sentence on a defendant who has been convicted under the felon-in-possession-of-a-firearm statute (18 U.S.C. § 922(g)) and who has three prior convictions for a violent felony or a serious drug offense or both. 18 U.S.C. § 924(e).

Count 1 of the indictment charged Petitioner with violating both sections 922(g)(l) and 924(e). Crim. Doc. 1 at 1.  The Presentence Report (PSR) concluded that Petitioner was an Armed Career Criminal as the result of his prior conviction for delivery of a controlled substance, and three prior convictions for possession with intent to deliver a controlled substance, resulting in a guideline imprisonment range of 188-235 months.  Crim. Doc. 62-1 at 11, ¶ 43.  At sentencing, the Court accepted the PSR (which Defense counsel and the government had both adopted), and sentenced Petitioner to 188 months -- the bottom of the guideline imprisonment range. *See* Crim. Doc. 69 at 1, Statement of Reasons; Crim. Doc. 64; Crim. Doc. 65.

While Petitioner cites the applicable standard for ineffective assistance of counsel, he fails to plead any facts to support his claim.  Petitioner's vague assertion that counsel rendered

3

ineffective assistance at the guilty plea stage is clearly insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without a specific allegation of what counsel did or did not do, Petitioner fails to raise an issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). Moreover, to the extent Petitioner suggests he was not informed of the applicability of the ACCA mandatory minimum before pleading guilty, the record reveals otherwise. The plea agreement, which Petitioner signed and averred he had discussed in detail with his attorney, specifically admonished him of the 15-year mandatory minimum sentence. Crim. Doc. 42 at 2, 6-7. Therefore, Petitioner's first claim of ineffective assistance of counsel fails.

*Ineffective Assistance of Counsel at Sentencing*

Relatedly, Petitioner claims counsel failed to object to his prior convictions at sentencing. Doc. 8 at 9. In particular, he argues that counsel should have known that three of the predicate offenses used to enhance his sentence under the ACCA did not fall within the definition of serious drug offenses because his punishment for each was less than ten years. Doc. 8 at 8. This claim, likewise, is without merit.

The United States Court of Appeals for the Fifth Circuit has held that the Texas offense of delivery of a controlled substance under Texas Health and Safety Code §§ 481.002(8) and 481.112, falls under the statutory definition of a serious drug offense under the ACCA and may therefore support the Armed Career Criminal enhancement under section 924(e) . *United States*

4

*v. Vickers,* 540 F.3d 356, 363-366 (5th Cir.2008). Moreover, for a "serious drug offense" to qualify under the ACCA it must have only "a *possible* sentence of ten years or more." *Id.* (emphasis added). The statute defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ..., for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii); *see also McNeill v. United States*, 563 U.S. 816, ---, 131 S. Ct. 2218, 2221-22 (2011) (a federal sentencing court can determine the maximum punishment "by consulting the maximum term of imprisonment applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense.").

Here, Petitioner's prior drug convictions in Dallas County cause numbers F91-44899 (unlawful delivery of less than 28 grams of cocaine, Crim. Doc. 62-1 at 28-33), F92-39714 (unlawful possession with intent to deliver less than 28 grams of cocaine, Crim. Doc. 62-1 at 34-39), and F98-46291 (unlawful possession with intent to deliver 4 grams or more of cocaine, Crim. Doc. 62-1 at 40-47) were first degree felonies punishable by a maximum prison term of 99 years. *See* Tex. Health and Safety Code Ann. § 481.112(d) (an offense is a first degree felony if the amount of the controlled substance is 4 grams or more but less than 200 grams); Tex. Pen. Code Ann. § 12.32(a) (first degree felonies have a maximum punishment of life imprisonment or not more than 99 years or less than 5 years).[1]

---

[1] Prior to 1993, Tex. Health & Safety Code Ann. 481.112(b) (Vernon 1992) provided that possession with intent to deliver less than 28 grams of cocaine was a first degree felony. *See Williams v. State*, No. 04-94-00634-CR, 1996 WL 61470, at *3 (Tex. App. Feb. 14, 1996); *Earvin v. State, No. 14-95-00571-CR, 1997 WL 59335, at *5 (Tex. App. Feb. 13, 1997).* Thus, even prior to the 1993 amendments, Petitioner's first two convictions were first degree felonies.

5

Similarly, the prior drug conviction in Dallas County case number F08-63022 (unlawful possession with intent to deliver one gram of cocaine, Crim. Doc. 62-1 at 47-49) was a second degree felony with a maximum prison term of 20 years.  *See* Tex. Health and Safety Code Ann. § 481.112(c) (an offense is a second degree felony if the amount of the controlled substance is one gram or more but less than four grams); Tex. Pen. Code Ann. § 12.33(a) (second degree felonies have a maximum punishment of not more than 20 years or less than two years).

Accordingly, Petitioner's previous convictions constituted serious drug offenses under the ACCA and any objection on that ground would have been meritless.  *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (counsel is not ineffective for failing to raise a frivolous objection); *United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (per curiam) (citing *United States v. Villegas-Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999) (same as to meritless guideline objection).  Petitioner's claim of ineffective assistance of counsel at sentencing fails.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** February 22, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

 

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE